UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN DOE 10 | ) | |
| | ) | |
| Plaintiff, | ) | Cause Number: |
| v. | ) | |
| | ) | |
| | ) | |
| BOARD OF EDUCATION OF TRIAD | ) | JURY TRIAL DEMANDED |
| COMMUNITY UNIT SCHOOL | ) | |
| DISTRICT NO. 2, | ) | |
| Serve:  203 E. THROP ST. | ) | |
| TROY, IL 62294 | ) | |
| | ) | |
| ERIN GARWOOD | ) | |
| Serve:  7420 CONNER LN | ) | |
| EDWARDSVILLE, IL 62025-4668 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RODNEY WINSLOW | ) | |
| Serve:  203 E. THROP ST. | ) | |
| TROY, IL 62294 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES Plaintiff John Doe 10, by his attorneys, and for his Complaint against

Defendants Erin Garwood, Rodney Winslow, and The Board of Education of Triad Community

Unit School District No. 2 (hereinafter, "the District") states as follows:

**INTRODUCTION**

1.      This is an action for damages brought pursuant to Title IX of the Civil Rights Act,

20 U.S.C. §§ 1681-1688, 42 U.S.C. § 1983, the Civil Rights Attorney's Fees Awards Act of 1976,

42 U.S.C. § 1988, and the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* Plaintiff brings

this action to address Defendants' violations of Plaintiff's civil rights, to hold Defendants

responsible for the injuries he suffered due to sexual harassment and abuse perpetrated upon him by a teacher and peers within his school, and to protect others from the pain of childhood sexual abuse and harassment.

## JURISDICTION AND VENUE

2.       The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983, and Title IX of the Education Amendments of 1972 (20 U.S.C. §1681) which is an act of Congress providing for protection of civil rights in as much as this case presents a federal question. In addition, Plaintiff invokes this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) to hear and decide Plaintiff's claims under Illinois state law.

3.       Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Madison County, Illinois which is located within the Southern District of Illinois.

## PARTIES

4.       Plaintiff John Doe 10 is an adult Illinois citizen, now age 19. Plaintiff was a minor at all times relevant to the incidents described in this Complaint.  Plaintiff resides in Madison County, Illinois.

5.       Defendant Erin Garwood is an adult Illinois citizen and resides in Madison County, Illinois.

6.       Defendant Rodney Winslow is an adult Illinois citizen and resides in Madison County, Illinois.

7.       Defendant Board of Education of Triad Community Unit School District No. 2 is immediately responsible for the control and administration of the Triad Community School District where the incidents in this case took place. Triad Community Unit School District No. 2

is located in Madison County, Illinois. Defendant, the Board of Education, is responsible for

ensuring that the practices and policies of Triad Community Schools are in compliance with State

and Federal laws. The President of the Defendant Board of Education of the District is Jeff Hewitt.

Defendant Board's principal office is located at 203 E. Throp St., Troy, IL 72294. The Triad

Community Unit School District No. 2 is a Federally Funded education program as it receives

federal financial assistance in the form of free and reduced school lunches and in other programs

for its students and further receives federal grants as required for litigation under Title IX of the

Educational Amendments of 1972, 20 U.S.C §1681 *et seq.*

## STATEMENT OF FACTS
## COMMON TO ALL COUNTS

8.      Plaintiff attended multiple publicly operated and federally funded schools within

the District, including for Middle and High School.

9.      Teacher Erin Garwood, worked at Triad Middle School, and was Plaintiff's eighth-

grade science teacher.

10.     Ms. Garwood began sexually harassing and abusing Plaintiff during the fall of his

eighth-grade school year and continued to sexually harass him through his junior year of high

school. The harassment consisted of sending him sexually harassing messages, e-mails, text

messages, and photographs. It further consisted in in-person stalking, leering, and lewd comments.

11.     During the fall 2016, Plaintiff's eighth-grade year, Garwood added Plaintiff as a

friend on a social media platform called Snapchat. Snapchat is a multimedia messaging application

that allows users send written messages and photographs that disappear after they are opened and

viewed. Garwood, a teacher, used Snapchat to send Plaintiff, her middle school student,

inappropriate messages. Garwood also sent Plaintiff sexually harassing text messages and e-mails.

3

These messages discussed sex and other inappropriate topics for a teacher to discuss with her student.

12.     Toward the end of eighth grade, Garwood began sending Plaintiff extremely sexually explicit messages. This continued through Plaintiff's junior year of high school.

13.     In her messages, Garwood told Plaintiff she found him "attractive," and she repeatedly asked Plaintiff to have sex with her. She told him about her sexual fantasies and explained that these fantasies included him. She told Plaintiff she wanted to have sex with him in her classroom closet. She sent Plaintiff a photograph of herself naked in a bathtub.

14.     These harassing messages and comments continued until Plaintiff's junior year of high school.

15.     In addition to teaching at the middle school, Garwood was also the Triad High School dance coach. This meant that she spent time at the High School. Once Plaintiff entered High School, he still encountered Garwood in hallways due to her position there. When Garwood saw Plaintiff, she asked him to hug her. This made Plaintiff feel uncomfortable, especially due to her sexually explicit messages. Garwood often waited for Plaintiff after wrestling practice to ask him for hugs, when he and his teammates were shirtless.

16.     Garwood continued to message Plaintiff throughout this time. She asked him to have sex with her and sent him naked or otherwise revealing photographs of herself.

17.     Garwood also contacted Plaintiff outside of school. In the summer of 2017, Garwood went to Plaintiff's house. She knocked on the door and asked for Plaintiff to come outside to speak with her. She also attended Plaintiff's baseball games and leered at him from the bleachers. This was done all under the context of her explicit messages telling Plaintiff she wanted to have sex with him.

18.     Garwood repeatedly told Plaintiff not to report her behavior because it would "ruin her life." She manipulated him to guilt him into staying quiet. Her behavior was emotionally and sexually abusive.

19.     Other students noticed Garwood was harassing Plaintiff. By the end of Plaintiff's junior year of high school, in 2018-2019, Plaintiff's classmates openly discussed it. However, these were children who failed to understand abuse dynamics, and this was a toxic culture that failed to explain to children that males can be victims of sexual abuse by their teachers. The talk was in the form of further sexual harassment toward Plaintiff.

20.     Students gossiped about the "relationship" Plaintiff had with a teacher and made jokes about the situation. They teased Plaintiff about having sex with a teacher. Plaintiff knew Garwood had other male victims because he had overheard similar comments and jokes about other male students of Garwood's in the past. The school personnel never intervened or told these students that what they were discussing and joking about was abuse and that their statements constituted sexual harassment.

21.     The comments, jokes, and harassment from Plaintiff's peers became so open and prevalent that eventually, in or about May 2019, a teacher who heard the discussions about sex with a teacher reported it to the School Resource Police Officer, Officer Kip Heinle.

22.     Officer Heinle pulled Plaintiff out of baseball practice to question him about what the students had been saying. During the questioning, Officer Heinle told Plaintiff one of the teachers heard he had a sexual relationship with Garwood. No one explained to Plaintiff he was a minor who was unable to consent, or that sexual harassment and abuse by teachers was illegal. Plaintiff became overwhelmed with fear thinking that he was in trouble with the school. Accordingly, Plaintiff, a terrified high schooler, lied and said nothing happened between him an

5

Garwood. Plaintiff did not mention the texting, Snapchats, or messages to Officer Heinle. The School Resource Police Officer saw Plaintiff's demeanor and did not believe him.

23.     Officer Heinle called Plaintiff's mother while Plaintiff was still in the room for questioning. He told Plaintiff's mother that Plaintiff "acted nervous" during questioning. He also told Plaintiff's mother he did not believe Plaintiff when he said that nothing happened with Garwood. Officer Heinle later placed hotline call to the Illinois Department of Children's Services to report the abuse by Garwood.

24.     Throughout the rest of May 2019, Plaintiff's classmates continued to bully and harass him about the victimization by Garwood. The sexual harassment consisted of jokes about the abuse and accusations that Plaintiff had a sexual relationship with. his teacher. One of Plaintiff's classmates manipulated a photograph of Garwood and her husband to show Plaintiff's face on the husband's body. The photograph circulated among the students.

25.     On May 21, 2019, the Illinois Department of Family Services took Plaintiff to a Children's Advocacy Center ("CAC") in Wood River, IL for a forensic interview regarding the abuse. During the interview, a forensic interviewer who is trained to talk to children who have been abused without being suggestive spoke to Plaintiff. An investigator with DCFS; the State's Attorney, Allison Foley; and Detective Kris Thorpe watched from behind a one-way mirror. During the interview, Plaintiff revealed Garwood sent him inappropriate Snapchat messages and photographs. Plaintiff gave his phone and social media account information and passwords to investigators during the interview. From there, the police began a criminal investigation.

26.      Upon information and belief, Defendant School District had actual knowledge that Garwood was an abuser before and throughout the time that Garwood abused Plaintiff. After the school had actual notice that Garwood had sexually harassed and abused Plaintiff and that students

at the school were actively harassing Plaintiff about it, Administrators failed to act to eliminate the hostile environment.

27.     In addition, Defendant District failed to have required policies and procedures and/or failed to follow those policies and procedures for Plaintiff to access his education following the harassment. Defendant District failed to prevent the hostile environment that was created, failed to address the hostile environment after having actual notice of it, and failed to provide accommodations to Plaintiff to allow him to access and continue his education. As a result, Plaintiff was forced to drop out of school due to fear for his safety in the hostile environment and inability to move forward in his education at Triad.

28.     At the end of May 2019, Plaintiff's mother called Principal Winslow, the Triad High School principal, to notify him Plaintiff would not return to Triad High School in the fall for his Senior year. Plaintiff's mother cited the hostile environment and sexual harassment as the reason Plaintiff could not return. Winslow did discuss safety measures, accommodations or any corrective measures that might address the environment and allow Plaintiff to continue his education. Moreover, despite the criminal investigation and Plaintiff's allegations, Defendant District did not investigate Garwood as required under Title IX.

29.     In late June 2019, after school was out, and after Plaintiff informed Triad that he would not return to the District, Principal Winslow called Plaintiff's mother and asked her if she and Plaintiff would come to the school for more questioning for the school's "internal investigation" into the allegations against Garwood. This "investigation" was required under Title IX. However, it was required to have happened much earlier: as soon as the District became aware of the harassment. Even with the late attempt to comply with Title IX, and the fact that Plaintiff

and his mother agreed to participate, Principal Winslow never followed up. The District never informed Plaintiff if any investigation was completed.

30.     Garwood harassed other minor male students at Defendant District. Plaintiff heard students talking about having sex with her. Moreover, the criminal investigation revealed other victims. One stated that Garwood took him and several other students out to dinner in Missouri and that she invited students to her house, illegally plying them with alcohol. That victim's mother also revealed knowledge of yet a third student who Garwood sexually abused.

31.     The District allowed Garwood to resign from the District in the summer after another student was discovered in her personal vehicle. Allowing abusive teachers to resign instead of firing reveals a troubling policy and practice because it means the District has failed to reveal these abuses on the record. Instead, the District allows abusive teachers to resign without any notice of the abuse on their record. This allows child sex abusers to move freely to the next unknowing school to abuse again.  This policy and practice itself reveals a lack of concern about teacher on student abuse.

32.     As a direct and proximate result of Defendants' conduct and deliberate indifference to Plaintiff's rights under Title IX, Plaintiff lost access to his education and school programs as he was unable to continue his schooling at the Defendant School District. He further suffered educational, emotional and economic damages, injuries, pain and suffering, inconvenience, emotional distress, and impairment of the quality of life.

33.     Plaintiff had no choice but to quit the baseball team due to increasing depression and anxiety, despite a promising athletic career as a prospective college athlete. Plaintiff's relationships with his peers were irreparably damaged by the continuous peer sexual harassment which caused him distress and made it impossible to focus on his sports or education. As a result,

Plaintiff had to drop out of high school and enroll at an entirely new high school during his senior year. Plaintiff began attending Lebanon High School in 2019. Plaintiff has since graduated but not at the same level of academic or physical accomplishment as before the abuse.

34.     On December 5, 2019, Garwood was criminally charged with felony indecent solicitation of a child and grooming based the abuse of Plaintiff described here. DCFS also determined that Garwood committed "sexual exploitation."

35.     At all times relevant herein, Defendant District and District employees acted under color of law in their actions and failures to act.

36.     Defendant District engaged in gender discrimination and harassment and/or failed to address a gender discriminatory hostile environment within their District. Defendant District's illegal acts and failures to act described herein were undertaken deliberately, with willful and wanton intent and with malice, and deliberate indifference to Plaintiff's rights.

## VIOLATIONS OF LAW

### COUNT I
### VIOLATION OF TITLE IX (20 U.S.C. § 1681, et seq.)
### Against Defendant District
### (Deliberate Indifference to Actual Notice of Prior sexual harassment by Garwood Leading to Sexual Harassment of Plaintiff)

37.     All paragraphs above are incorporated herein by reference.

38.     Upon information and belief, Defendant School District had actual knowledge that Defendant Garwood sexually harassed students before she encountered and harassed Plaintiff. It was well known and regularly discussed among students, teachers and Administrators that Defendant Garwood was a sexual harasser and/or had committed specific acts of sexual harassment and abuse against students before and during the time Garwood was harassing and abusing Plaintiff.

39.     Defendant School District was deliberately indifferent to the known acts of sexual harassment committed by Defendant Garwood before and during the time that she harassed and abused Plaintiff.

40.     Defendant School District failed to act to prevent Defendant teacher Garwood from abusing and harassing other students, including Plaintiff after having this actual knowledge.

41.     As a result of Defendants' actions and/or failures to act, Plaintiff has suffered loss of access to his education, emotional distress and psychological damage, and his character and standing in his community have suffered from the harassment fostered as a direct and proximate result of Defendant District's deliberate indifference to the rights of students under Title IX.

## COUNT II
### VIOLATION OF TITLE IX (20 U.S.C. § 1681, et seq.)
### Against Defendant District
### (Official Policy Created by Pattern and Practice of Deliberate Indifference to Sexual Harassment within the District That Created a Heightened Risk)

42.     All paragraphs above are incorporated herein by reference.

43.     Defendant School District violated Title IX by intentionally pursuing an official policy of discriminating on the basis of sex in the following ways:

a.     Failing to have Title IX policies and procedures in place;

b.     Failing to follow Title IX policies and procedures that were in place;

c.     Failing to have a Title IX Coordinator to train and inform students, teachers and staff about their rights and responsibilities under Title IX;

d.     Failing to address sexual harassment within the district;

e.     Allowing harassers and abusers to be emboldened by the lack of effective policies and procedures in place to address sexual harassment within the District;

f.     Encouraging a culture where male students who have been sexually abused and

harassed are afraid to report for fear of further harassment and retaliation;

g.      Encouraging a culture where male teenagers who have been sexually abused and harassed by adults do not understand that they have endured abuse;

h.      Encouraging and fostering a culture where students feel free to harass each other about teachers on student abuse because the harassed and abused student was male instead of female;

i.      Creating a heightened risk of harassment and abuse of males within the District by not taking prior harassment and abuse of males seriously; and

j.      Creating a heightened risk of harassment and abuse of males within the District by fostering toxic gender stereotypes that males are not supposed to be bothered by (or are even supposed to enjoy) such harassment and abuse.

44.      In addition, the perpetrator here, Defendant Erin Garwood, had gotten away with her sexually harassing and abusive behavior with students for so long under the policies and procedures of deliberate indifference within the District. Having been a District employee for a sufficient time, Garwood was aware the District failed to punish teachers and other employees for gender harassment and abuse that she was specifically emboldened to harass and abuse with abandon. This created a heightened risk for students, like Plaintiff, who encountered her at school. Defendants had actual knowledge of this heightened risk.

43.      Defendant Garwood and other teachers, staff and administrators' behavior with regard to these Title IX issues was subject to the School District's control.

44.      Plaintiff was sexually harassed as a result of Defendant's Official Policy created by this Pattern and Practice of Deliberate Indifference to Sexual Harassment within the District that created a heightened risk of harassment and abuse within the District.

45.     As a result of Defendants' actions and/or failures to act, Plaintiff has suffered loss of access to his education, emotional distress and psychological damage, and his character and standing in his community have suffered from the harassment fostered as a direct and proximate result of Defendant District's deliberate indifference to the rights of students under Title IX.

**COUNT III**
**VIOLATION OF TITLE IX (20 U.S.C. § 1681, et seq.)**
**Against Defendant School District**
**(Deliberate Indifference to Sexual Harassment by Peers)**

45.     All paragraphs above are incorporated herein by reference.

46.     Plaintiff endured sexual harassment by peers including but not limited to the dissemination of harassing photographs coupled with harassing comments and taunts related to having been abused and sexually harassed by a teacher, Erin Garwood at school.

47.     The School District had actual notice of this peer harassment.

48.     Upon information and belief, teachers and administrators and others with authority witnessed and/or were aware of this harassment within the school by means of being in the school daily. This is evidenced by School Administrators' statements to Plaintiff's mother that they thought they had dealt with the problem of the harassing photograph of Plaintiff and Garwood sufficiently.

49.     The sexual harassment that Plaintiff suffered at the hands of peers was based on gender discrimination and gender stereotypes and was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to educational opportunities or benefits provided by the Defendant School District. However, Defendant School District did not respond to the actual notice of the sexual harassment.

50.     As a result of Defendants' deliberate indifference to the sexual harassment that Plaintiff suffered at the hands of his peers, the harassment continued to escalate to the point that

Plaintiff had to drop out of the school baseball program and then eventually had to leave the school altogether.

51.     The Defendant School District's failure to promptly and appropriately respond to the sexual harassment resulted in Plaintiff, based on his sex being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the School's education and extracurricular programs in violation of Title IX.

52.     Plaintiff has suffered emotional distress and psychological damage, and his character and standing in his community have suffered from the harassment fostered as a direct and proximate result of Defendant School District's deliberate indifference to his rights under Title IX.

**COUNT IV**
**VIOLATION OF TITLE IX (20 U.S.C. § 1681, et seq.)**
**Against Defendant School District**
**(Deliberate Indifference to a Hostile Environment)**

53.     All paragraphs above are incorporated herein by reference.

54.     The sex-based harassment articulated perpetrated by Defendant Garwood and by Defendant's peers described above was so severe, pervasive, and objectively offensive that it led to a hostile environment for Plaintiff at school. The hostile environment then deprived Plaintiff of access to educational opportunities or benefits provided by the Defendant District.

55.     The Defendant School District created, subjected and/or failed to address the hostile educational environment that Plaintiff endured at school in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX").

56.     Plaintiff was subjected to repeated, regular sexual harassment by a teacher and by other students.

57.     The harassment was based on sex, was sexual in nature, and was related to issues surrounding sexual abuse.

58.     Defendants created a hostile educational environment due its deliberate indifference to known harassment by a teacher and by other students, its lack of policies and procedures to address repeated harassment, its failure to follow policies and procedures related to repeated harassment, and its failure to properly investigate and/or address the sexual harassment.

59.      Defendant School District failed to respond to the sexual harassment in a manner that was clearly unreasonable. As a result, Plaintiff was excluded from participation in, denied the benefits of, and was subjected to discrimination in the District's education and sports programs in violation of Title IX.

60.     Defendant School District's failure to take immediate and effective remedial steps to resolve the complaints of sexual harassment forced Plaintiff to endure a hostile environment at school.

61.     Defendant School District persisted in its actions and inactions even after it had actual knowledge of the sexual harassment to Plaintiff.

62.     Plaintiff suffered emotional distress and psychological damage, economic damages, institutional betrayal as a proximate cause of Defendants actions. Plaintiffs are entitled to attorney's fees for this claim.

**COUNT V**
**VIOLATION OF TITLE IX (20 U.S.C. § 1681, et seq.)**
**Against Defendant School District**
**(Failure to Accommodate)**

63.     All paragraphs above are incorporated herein by reference.

64.     Defendant School District failed to accommodate Plaintiff following actual notice of known sexual harassment.

65.     Defendant School District failed to provide safety measures for Plaintiff to help him stay safe from the abusive teacher or the harassing students despite actual knowledge of the harassment.

66.     Defendant School District failed to provide any accommodations to aid Plaintiff in accessing his education and/or School District sports participation following reports of sexual harassment.

67.     Because of Defendant's actions and/or inactions, Plaintiff's lost sports and education opportunities culminating in his need to leave the School District completely.

68.     Plaintiff was afraid for his safety at school such that it affected his access to education and extracurricular activities.

69.     As a direct result of Defendant's actions and failures to act, Plaintiff has suffered emotional distress and psychological damage, institutional betrayal, economic damages, as a direct and proximate result of Defendant District's deliberate indifference to her rights under Title IX. In addition, Plaintiff is entitled to attorney's fees for this claim.

**COUNT VI**
**1983 VIOLATION (42 U.S.C. § 1983)**
**Against Individual Defendant Erin Garwood**

70.     All paragraphs above are incorporated herein by reference.

71.     Under the Fourteenth Amendment, Plaintiff has the right at a public school district to personal security and bodily integrity and Equal Protection of Laws.

72.     Defendant teacher Erin Garwood, as a teacher at Triad High School, was a State actor acting under color of state law. She is sued in this Count in her individual capacity.

73.     Defendant Garwood knowingly subjected Plaintiff to violations of his right to personal security and bodily integrity and Equal Protection of Laws by sexually harassing and abusing Plaintiff.

74.     Plaintiff suffered emotional distress and psychological damage, educational harm, institutional betrayal, and economic damages as a direct and proximate result of Defendant District's deliberate indifference to his rights under the Fourteenth Amendment. Plaintiff is also entitled to legal fees for this claim.

## COUNT VII
### 1983 VIOLATION (42 U.S.C. § 1983)
### Against Individual Defendant Winslow

75.     All paragraphs above are incorporated herein by reference.

76.     Under the Fourteenth Amendment, Plaintiff has the right at a public school district to personal security and bodily integrity and Equal Protection of Laws.

77.     Defendant Principal Rodney Winslow, as the Principal of Triad High School, was a State actor acting under color of state law. He is sued in this Count in his individual capacity.

78.     Defendant Winslow knowingly subjected Plaintiff to violations of his right to personal security and bodily integrity and Equal Protection of Laws. Defendant Winslow had knowledge that Plaintiff was being sexually abused and harassed by his teacher and by other minors and failing to act for the student's safety. Defendant's actions and failures to act were taken due to gender discrimination, and gender stereotypes.

79.     Plaintiff suffered emotional distress and psychological damage, educational harm, institutional betrayal, and economic damages as a direct and proximate result of Defendant District's deliberate indifference to his rights under the Fourteenth Amendment. Plaintiff is also entitled to legal fees for this claim.

## COUNT VIII
### Illinois Human Rights Act (775 ILCS 5/1-101 et seq.)
### Against Defendants Garwood and District

80. All paragraphs above are incorporated herein by reference.

81. It is the public policy of Illinois to prevent sexual harassment in elementary, secondary, and higher education.

82. Defendant District is an Institution of Elementary, Secondary, or Higher Education as defined by 775 ILCS 5/5A-102(A).

83. Defendant Garwood is an Elementary, Secondary, or Higher Education Representative as defined by 775 ILCS 5/5A-102(D).

84. Plaintiff is a student as defined by 775 ILCS 5/5A-102(C).

85. In relevant part, 775 ILCS 5/5/A-102(E) defines sexual harassment as "any unwelcome sexual advances or requests for sexual favors made by an elementary, secondary, or higher education representative to a student, or any conduct of a sexual nature exhibited by an elementary, secondary, or higher education representative toward a student, when such conduct has the purpose of substantially interfering with the student's educational performance or creating an intimidating, hostile or offensive educational environment.

86. Defendant Garwood committed a civil rights violation, in violation of 775 ILCS 5/5A-102(A) when she committed and engaged in sexual harassment of Plaintiff.

87. Defendant District committed a civil rights violation, in violation of 775 ILCS 5/5A-102(B), when it failed to take appropriate disciplinary action against a representative of an institution of elementary, secondary, or higher education when it knew that the representative was engaging in sexual harassment at school.

88.     As a proximate result of Defendants' conduct, Plaintiff has suffered emotional distress such as pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants, as follows:

A.     Award Plaintiff such damages as would fully compensate him for his injuries caused by the Defendants' actions;

B.     Punitive damages;

C.     Statutory interest;

D.     Costs and expenses;

E.      Reasonable attorney fees;

F.     Grant any additional relief as the court deems just and proper.

## JURY DEMAND

Pursuant to Rule 28 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues triable by a jury.

Respectfully submitted by:

*/s/ Sarah Jane Hunt*
Thomas E. Kennedy, III,
Sarah Jane Hunt
MaryAnne Quill
KENNEDY HUNT, P.C.
4500 W Pine Blvd
St. Louis, MO 63108
Tel: (314) 872-9041
Fax: (314) 872-9043
tkennedy@kennedyhuntlaw.com
sarahjane@kennedyhuntlaw.com
mquill@kennedyhuntlaw.com

*/s/ Nicole E. Gorovsky*
Nicole Gorovsky
GOROVSKY LAW, LLC
4500 W Pine Blvd
St. Louis, MO 63108
Tel: (314) 272-3255
Fax:     (314) 787-6101
Nicole@Gorovskylaw.com

**ATTORNEYS FOR PLAINTIFF**