**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOHN DOE 10                                    )<br>                                                        )<br>        Plaintiff,                           )<br>                                                        )<br>vs.                                                  )<br>                                                        )<br>BOARD OF EDUCAION OF TRIAD   )<br>COMMUNITY UNIT SCHOOL          )<br>DISTRICT NO. 2, ERIN GARWOOD,  )<br>and RODNEY WINSLOW                  )<br>                                                        )<br>        Defendants.                        ) | Cause Number:<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF**
**PURSUING THIS ACTION UNDER PSEUDONYM**

Comes now, John Doe 10, by and through his attorneys, Kennedy Hunt PC and Gorovsky Law, and request permission from the Court to file this matter using pseudonym. Plaintiff submits this motion and memorandum to address the circumstances that necessitate allowing him to litigate this matter under a pseudonym.

Plaintiff is filing his complaint in this case under the pseudonym John Doe 10. John Doe 10 is a young adult who was repeatedly sexually harassed by his teacher, Defendant Erin Garwood, and peers at Triad Community Unit School District No. 2, while he was a minor. Plaintiff seeks to remain anonymous to the public because Plaintiff is a young adult and because of the nature and circumstances regarding his abuse as a minor. If Plaintiff is required to use his name in the prosecution of this lawsuit, he and his family will be subject to embarrassment, oppression, and re-victimization.

Accordingly, he requests that this Court find good cause to allow him to proceed anonymously and to issue a protective order in this matter to bar Defendants from revealing his name and/or personal information to the public.

1

I.      **Legal Grounds for Allowing Plaintiff to Proceed Anonymously**

Federal Rule of Civil Procedure 26(c) states that "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Accordingly, there is statutory authority given to allow judges the discretion to protect a party's identity.

There is also judicially espoused authority granting judges this discretion if there is good cause. In *Doe v. City of Chicago*, 360 F.2d 667, 669 (7th Cir 2004), the Seventh Circuit explained that although judicial proceedings generally are supposed to be open, the presumption of openness can be rebutted for good cause shown. Further, the United States Supreme Court has implicitly recognized the use of pseudonyms. See e.g. *Roe v Wade*, 410 U.S. 113 (1973); and *Doe v Bolton*, 410 U.S. 179 (1973).

Plaintiff can show good cause exists in this case to keep his identity confidential. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. GMC*, 307 F.3d 1206, 1211 (9th Cir 2002).

In *Doe v. Blue Cross & Blue Shield United of Wisconsin*, ll2 F.3d 869, 872 (7th Cir. 1997), the Seventh Circuit Court of Appeals noted that the use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify a departure from the normal method of proceeding in federal courts. *Id*. However, the Court also concluded that exceptional circumstances that warrant allowing the use of fictitious names include protecting the privacy of children, rape victims, and other particularly vulnerable parties or witnesses. *Id*.

Likewise, although the plaintiff in *Doe v. City of Chicago*, was not able to show good cause and rebut the presumption in her case of sexual harassment, the Seventh Circuit noted that had the suit been about a minor, rape or torture, the Court would have seen it differently. 360 F.2d at 669.

In *John Doe v. Freeburg Community Consolidated School District No. 70*, No. 10-CV-00458-JPG, the Court considered a case of abuse and harassment and issued the protective order.

The present case has facts to rebut the presumption of identity disclosure because it involves repeated sexual harassment to a minor. Here, Plaintiff was sexually harassed by his teacher and by his peers at school while he was a minor and attending high school. The facts in the complaint show that he suffered sexual harassment, bullying and emotional abuse from peers at his school relating to much more serious criminal sexual enticement and harassment by his teacher that began when he was a middle-schooler. Plaintiff is still a young adult, now in college. He is just beginning to escape the community that made life so difficult for him.  Revealing his identity now, as he seeks justice for the offenses committed against him, threatens to expose his victimization to his new college community and re-open these wounds. These experiences are still sensitive to him and he looks to move forward with his life free from the oppression and humiliation.

In *Plaintiff B v. Francis*, 631 F.3d 1310, 1319 (11th Cir. 2011), the Eleventh Circuit Court of Appeals ruled that the District Court abused its discretion when refusing to allow a minor to proceed anonymously in a civil case involving child pornography. Although this is not a child pornography case where the jury may see images of the plaintiff's abuse, this is a case that compels plaintiff to disclose information that is "of the utmost intimacy." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir 1981).

Perhaps the most obvious reason for allowing the use of a pseudonym is to protect a plaintiff who has already been crushed by those he trusted from suffering further harm. As noted by a Massachusetts court presented with a similar issue:

> [f]or many victims of sexual abuse, … public revelation of the abuse, if not sought
> by them, victimizes them yet again. It stigmatizes them as victims of such abuse,

3

> generates conversations that may re-open emotional wounds that had only begun to heal, and causes others, even those who mean well, to treat them differently. If the identit[ies] of these victims are not protected by the courts, then their access to the courts will be severely diminished, because they will not be able to turn to the courts for relief from or compensation of their emotional injuries without aggravating those same injuries.

*Globe Newspaper Co., Inc. v. Clerk of Suffolk County Superior Court*, 2002 WL 202464, *6, 14 Mass.L.Rptr. 315 (Mass.Super., 2002).

## II.     Circumstances of This Case Warrant Protection of Plaintiff's Identity

The instant case involves allegations of sexual harassment and emotional abuse of a minor. Clearly, sexual harassment and abuse involving minors is a highly sensitive and personal matter. Plaintiff's descriptions of how the perpetrator, who was his teacher, harassed him are explicit and humiliating. Requiring Plaintiff to use his true identity would immediately expose him to the public further as a victim of sexual harassment and abuse. Plaintiff's desire to remain anonymous is understandable and his interest in protecting his identity outweighs any interest in favor of open judicial proceedings. This is particularly true when, as here, Defendants will know the identity of Plaintiff and can continue with the litigation without prejudice.

Plaintiff fears embarrassment in his community. Lawsuits involving sexual abuse evoke strong emotions and anger. Moreover, it is not run of the mill embarrassment that is at issue here, as Plaintiff in this case is particularly vulnerable. Plaintiff endured sexual harassment and abuse for a significant period of time in school while he was a minor. When his peers found about his victimization, they ridiculed him. Accordingly, Plaintiff is all too familiar with what happens when his identity is revealed along with this sensitive information. As a result of the ridicule at his school, Plaintiff was forced to leave his sports team and change schools. His fear of being ostracized and ridiculed again is justified. Moreover, the stigma of being a male victim of sexual harassment and enticement exacerbates the humiliation for this particular victimization. It should

4

not be that way, but in our society, a sexual harassment and child enticement victim is somehow seen in the community as less deserving of kindness and empathy when the victim is male. In that way, gender discrimination is abundant and adds to the stigma.

Defendants will be told of his identity, and that scares Plaintiff enough. But, if it is revealed to the public, he will have to fear all of Defendants' employees, their friends, their family members, his former and current school mates, school personnel, and others in the community over whom they may have influence. "The danger of retaliation is often a compelling ground for allowing a party to litigate anonymously." *Doe v. City of Chicago,* 360 F.2d 667, 669 (7th Cir 2004).

### III.     Strong Public Policy Reasons Require Plaintiff be Allowed to Proceed Anonymously

While protecting victims from further suffering is alone a sound policy reason weighing enough to support allowing Plaintiff to proceed under a pseudonym, the benefits of such a decision also promote the good of the general public. The reality is that the threat alone of potential re-victimization in a public lawsuit regarding sexual abuse is enough to keep most victims out of the courts. See *Globe Newspaper Co., Inc. v. Clerk of Middlesex County Superior Court*, 2002 WL 562658, *2, 14 Mass.L.Rptr. 412 (Mass.Super., 2002) ("Releasing [the victims'] names and identifying information . . . carries the unacceptable risk that they will be re-victimized by the possible stigma associated with the allegations that they were sexually abused."); Jennifer J. Freyd et al., *The Science of Child Sexual Abuse,* SCIENCE, April 22, 2005, at 308 ("[C]lose to 90% of sexual abuse cases are never reported to the authorities"). Allowing such pressure to prevent those few plaintiffs who would otherwise muster the courage to come forward against institutions would prevent not only the individual from achieving some modicum of justice, but also prevents the public from attaining the benefit that prosecuting such cases bring. In short, the reform that large "meditating institutions" such as churches, universities, and schools undertake as a result of suits

5

like Plaintiff's makes the public safer and the institutions themselves more trustworthy. Moreover, Plaintiff's case serves as a warning to the community at large to be awake to similar risks.

The federal courts have recognized the public benefit that results from allowing individuals to pursue these types of cases under a pseudonym. One example of the court's recognition of such public benefit involved suits by individuals suffering from mental illness. There, the court held that:

> [T]here is substantial public interest in ensuring that cases like Plaintiff's are adjudicated and the rights of mental illness sufferers are represented fairly and without the risk of stigmatization. **However, this goal cannot be achieved if litigants . . . are chilled from ever reaching the courthouse steps for fear of repercussions that would ensue if their condition was made public.** Although any litigant runs the risk of public embarrassment by bringing their case and revealing sensitive facts in a public courtroom, the situation here is vastly different because Plaintiff's bipolar condition is directly tied to the subject matter of the litigation–his mental illness and the disability benefits he allegedly is entitled to as a mental illness sufferer. . . . Plaintiff is faced with circumstances that society may not yet understand or accept and his condition is directly tied to the issues before the Court.

*Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545, 550 -551 (D. N.J. ,2006).

### IV. Conclusion

For good cause shown, Plaintiff respectfully requests that this Court enter a protective order in this case prohibiting the parties from revealing Plaintiff's identity or identifying information to any person who is not part of the Court or a party to this lawsuit, except for as is necessary to consult with experts or potential witnesses.[1]

                        Respectfully submitted,

                        */s/ Sarah Jane Hunt*
                        Thomas E. Kennedy, III,
                        Sarah Jane Hunt
                        MaryAnne Quill

---

[1] If the Court desires, Plaintiff will submit a Proposed Order.

KENNEDY HUNT, P.C.
4500 W Pine Blvd
St. Louis, MO 63108
Tel: (314) 872-9041
Fax: (314) 872-9043
tkennedy@kennedyhuntlaw.com
sarahjane@kennedyhuntlaw.com
mquill@kennedyhuntlaw.com
